FILED
9/3/20 4:55 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 19-23044-GLT |
| **DAVID A. ROEBUCK**, | Chapter 13 |
| *Debtor*. | Related Dkt. No. 70 |

Bryan P. Keenan, Esq.  
Bryan P. Keenan & Associates, P.C.  
Pittsburgh, PA  
*Attorney for the Debtor*

Owen W. Katz, Esq.  
Office of the Chapter 13 Trustee  
Pittsburgh, PA  
*Attorney for Ronda Winnecour*

## MEMORANDUM OPINION

A bankruptcy judge once acknowledged that "calling an elephant a giraffe does not make the animal any less of an elephant."[1] While an obvious truth, it remains an important reminder that arbitrary titles cannot change the nature of a thing.[2] The premise holds true even when the title is commonly accepted. Killer whales, for example, are taxonomically dolphins, not whales.[3] Here, the question presented is whether this district's "interim confirmation order" is truly a confirmation order under section 1325 of the Bankruptcy Code.[4] At stake is whether the Debtor, David A. Roebuck, may invoke section 1329(d), a provision recently enacted as part

---

[1]    In re Assembled Interests Corp., 117 B.R. 31, 32 (Bankr. D.N.H. 1990).

[2]    Id.

[3]    See Animal Legal Def. Fund v. U.S. Dep't of Agric., 789 F.3d 1206, 1210 n. 4 (11th Cir. 2015); Tilikum ex rel. People for the Ethical Treatment of Animals, Inc. v. Sea World Parks & Entm't, Inc., 842 F. Supp. 2d 1259, 1260 (S.D. Cal. 2012).

[4]    Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act")[5] which permits the term of a chapter 13 plan confirmed prior March 27, 2020 to be extended beyond five years.[6] Ronda Winnecour, the chapter 13 trustee (the "Trustee"), supports confirmation of the Debtor's proposed amended plan[7] even though its predecessor was confirmed only on an interim basis before the operative date.[8] Although the Court raised its concerns about the applicability of the CARES Act to "interim confirmation," the parties declined the opportunity to brief the issue. For the reasons set forth below, the Court must deny confirmation to the Debtor's amended plan.

## I.    JURISDICTION

This Court has authority to exercise jurisdiction over the subject matter and the parties under 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

## II.    DISCUSSION

The CARES Act was enacted on March 27, 2020 as an attempt to blunt the economic fallout triggered by the COVID-19 pandemic and the unprecedented spate of stay-at-home orders issued by various governments in response.[9] Section 1329(d), which was added to the Code by section 1113(b)(1)(C) of the CARES Act, provides:

> (d)(1) Subject to paragraph (3), *for a plan confirmed prior to the date of enactment of this subsection*, the plan may be modified upon the request of the debtor if—

---

[5]   Pub. L. No. 116-136, 134 Stat. 281 (2020).

[6]   See Id. at § 1113; see also 11 U.S.C. § 1329(d).

[7]   *Chapter 13 Plan dated April 27, 2020*, Dkt. No. 70.

[8]   See Dkt. No. 28 (entered September 11, 2019).

[9]   See, e.g., In re Roman Catholic Church of Archdiocese of Santa Fe, 615 B.R. 644, 648 (Bankr. D.N.M. 2020).

> (A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; and
>
> (B) the modification is approved after notice and a hearing.
>
> (2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.
>
> (3) Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1).[10]

Section 1113(b)(1)(D)(ii) of the CARES Act reiterates that section 1329(d) applies only when "*a plan has been confirmed under section 1325 . . . before the date of enactment of this Act.*"[11]

Section 1325(a) sets forth the requirements of confirmation and provides that a court "shall" confirm a plan if they are satisfied.[12] To achieve confirmation, the court must find that the chapter 13 plan: was proposed in good faith;[13] complies with the Code;[14] is feasible;[15] and provides certain baseline treatment for secured and unsecured creditors.[16] Additionally, the Debtor must: have commenced the case in good faith,[17] have paid any outstanding filing fees,[18] have filed all tax returns required by section 1308;[19] and be current on any postpetition domestic support obligations.[20] Once confirmed, the plan provisions "bind the debtor and each creditor,

---

[10]  11 U.S.C. § 1329(d) (emphasis added).

[11]  Pub. L. No. 116-136 at § 1113(b)(1)(D)(ii), 134 Stat. 281 (2020) (emphasis added).

[12]  11 U.S.C. § 1325(a).

[13]  11 U.S.C. § 1325(a)(3).

[14]  11 U.S.C. § 1325(a)(1).

[15]  11 U.S.C. § 1325(a)(6).

[16]  11 U.S.C. §§ 1325(a)(4)-(5).

[17]  11 U.S.C. § 1325(a)(7).

[18]  11 U.S.C. § 1325(a)(2).

[19]  11 U.S.C. § 1325(a)(9).

[20]  11 U.S.C. § 1325(a)(8).

3

whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."[21]

An interim confirmation order is not a creature of the Code. Instead, it is unique local practice employed to provide adequate protection to secured and priority creditors pending "final" plan confirmation.[22] Even under the best of circumstances, the chapter 13 confirmation process takes months. Given that the Western District of Pennsylvania is a "conduit district," meaning that all payments to creditors—including post-petition mortgage and car payments—are made by the Trustee, it is imperative that disbursements begin as soon as possible. To that end, the judges of this district have adopted a form of order that typically enters following the first meeting of creditors and authorizes the Trustee to commence distributions to secured and priority creditors.

Upon further scrutiny, the Court acknowledges that the form order may contain some unintended ambiguities stemming from its use for both interim and final confirmation. The scope of confirmation in any given case, however, is crystal clear. Through the use of checkboxes, the Court selects the operative terms of the order. When used for interim confirmation, the following term applies:

> <u>Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees</u>. ***A final plan conciliation conference will be held on*** . . . . If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.[23]

---

[21]    11 U.S.C. § 1327(a).

[22]    <u>See</u> 11 U.S.C. §§ 361, 363, 1326(a)(1)(C).

[23]    <u>See</u>, e.g., Dkt. No. 28 ¶ 1(C) (bold and italics in original, underline added).

The form of order also provides that it "shall not become final for a period of twenty−eight (28) days" and that "[a]ny party in interest with an objection . . . must file a written objection within that . . . period."[24] Both the Trustee and the Debtor agree that this language does not mean that confirmation will automatically become final without further Court order in the absence of an objection.

Without belaboring the point, interim confirmation in this district is simply not confirmation under section 1325. That section contemplates a binary process—if a debtor and plan satisfy the requirements, then "the court shall confirm [the] plan."[25] Not only does the Court not review the plan or make any findings before entering an interim confirmation order, the Trustee concedes that many plans confirmed on an interim basis do not yet satisfy section 1325.[26] In fact, the final deadline for plan objections is not even established until entry of the interim confirmation order. Thus, due process precludes the notion that "the debtor and each creditor" are conclusively bound by the terms of the plan at this stage, rendering the effect of interim confirmation qualitatively different.[27] Moreover, the order itself explains that interim confirmation is merely "a form of adequate protection."[28] In sum, the concept of confirmation may have been invoked when naming this integral component to our district's chapter 13 conciliation process, but confirmation is ultimately a very different animal.[29]

---

[24] Id. at ¶ 2(A).

[25] 11 U.S.C. § 1325(a).

[26] See, e.g., In re Ross, Case No. 19-22639-GLT, Dkt. Nos. 42, 60, 62 (feasibility); In re Ryan, Case No. 19-22723-GLT, Dkt. Nos. 33, 54 (unfiled prepetition tax returns).

[27] See 11 U.S.C. § 1327(a). For all these reasons, the Court respectfully disagrees with Spero v. Porreco (In re Porreco), 426 B.R. 529, 534 n. 4 (Bankr. W.D. Pa. 2010), to the extent that it suggests otherwise.

[28] See Dkt. No. 28 ¶ 1(C).

[29] To be clear, recognizing the interim confirmation order for what it is—an adequate protection order—does not impact its function. The procedurally necessary interim relief granted simply does not implicate confirmation under section 1325.

5

The Debtor urges a different result, noting that no timely objections to his original chapter 13 plan were filed and that the Trustee had recommended confirmation before he filed his amended plan. It may well be that the Debtor's original plan would have been confirmed under section 1325, but that did not occur.[30] And it certainly did not happen before March 27, 2020. Although many debtors have and will continue to suffer material financial hardships due to the ongoing pandemic, Congress drew a bright line establishing a debtor's eligibility to modify a plan under section 1329(d) and the CARES Act.[31] Where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'"[32] Even if the result seems inequitable, the Court has no authority to "contravene specific statutory provisions."[33] Accordingly, the Court cannot confirm a chapter 13 plan with a plan term longer than five years in this case.[34]

---

[30] Of course, as the present circumstances demonstrate, the absence of objection and the recommendation of the Trustee is not a guarantee that the Court will confirm the plan.

[31] See In re Drews, No. 19-52728, 2020 WL 4382071, at *1 (Bankr. E.D. Mich. July 30, 2020) (section 1329(d) "applies only to cases in which a plan was confirmed before enactment of the CARES Act."); In re Bridges, Bk. No. 19-31012 (Bankr. S.D. Ill. July 30, 2020) (the court has no discretion to approve a plan modification under section 1329(d) without a plan confirmed prior to the enactment of the CARES Act).

[32] United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)).

[33] Law v. Siegel, 571 U.S. 415, 421 (2014).

[34] See 11 U.S.C. § 1322(d).

### III.   CONCLUSION

In light of the foregoing, the Court must deny confirmation to the Debtor's amended plan. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Dated: September 3, 2020

Case administrator to mail to:
Debtor
Attorney Bryan Keenan, Esq.
Attorney Owen Katz, Esq.